IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANICE MAEZ, individually,
and as parent of Stephen Maez,
a minor, and Matthew Maez,
a minor,

        Plaintiff,

vs.                                      CIVIL NO.  01-1209 BB/LFG

BOARD OF EDUCATION
OF THE SANTA FE PUBLIC
SCHOOLS,

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION AND REHEARING

THIS MATTER is before the Court on Plaintiff's Motion to Alter or Amend Judgment [Doc. #74] and for rehearing, and the Court having considered the briefs of the parties and being fully apprised, finds the motion completely devoid of merit and it will be DENIED. Defendant may submit a bill for costs and fees.

### *Background*

The parties entered into an oral settlement agreement with the assistance of Magistrate Judge Garcia at the November 20, 2002, settlement conference. The parties agreed that Defendant would pay Plaintiff $27,500.00 and that Plaintiff would execute a full release. Due to the lateness of the hour and absence of Judge Garcia's support staff, this agreement was not reduced to writing. A dispute subsequently arose over the proper language for the release.

**Due to the parties' impasse, at the November 17, 2003 status conference, the parties then agreed that Judge Garcia would decide the appropriate release language.[1]**

**After considering the parties' proposals and arguments, Judge Garcia selected language for the form of release which he deemed most appropriate and which reflected the parties' agreement. However, Plaintiff objected on the ground that it was not what she agreed to. Plaintiff notified Judge Garcia that the chosen language did not reflect her understanding. Judge Garcia disagreed.**

**When notified by Plaintiff's counsel that the release language he selected was unacceptable, the judge responded:**

> **Your position on the release is contrary to the parties' agreement at our Rule 16 status conference and counsel's representation to the Court.**
>
> **At the November 17, 2003 conference, the parties requested that I decide the issue concerning the form of release. Each side was to submit a proposal together with any argument deemed appropriate, and I would make the final determination concerning the release language. The parties agreed to abide by whatever decision the Court made on the release.**

**(Judge Garcia's correspondence to Plaintiff's counsel January 6, 2004).**

**Notwithstanding Judge Garcia's determination, Plaintiff declined to sign the release, thus prompting the motion to enforce settlement.**

---

[1]Judge Garcia's correspondence to the parties relates their agreement:

> At the November 17, 2003 conference, the parties requested that I decide the issue concerning the form of release. Each side was to submit a proposal, together with any argument deemed appropriate, and I would make the final determination concerning the release language. The parties agreed to abide by whatever decision the Court made on the release.

**On June 16, 2004, this Court entered a finding that the parties had agreed to have Magistrate Judge Garcia decide what language would be included in the settlement, and that they were therefore bound by his decision regarding the release language to implement the parties' agreement.  Plaintiff now argues that "Magistrate Judge Garcia was limited to choosing language that would reflect the parties' oral agreement."  (Motion at 3).  She further maintains, "The Court misapprehends the decision of Magistrate Judge Garcia.  He did not impose his proposed language on the parties, found that there was no settlement agreement and ordered the case to go to trial."  Id.**

### *Discussion*

**Plaintiff's factual predicate is now, as it was at the prior hearing, incorrect.  Judge Garcia was not limited to choosing only release language which implemented Plaintiff's view of the settlement.  The very point of the parties' consent to Judge Garcia was to grant him the authority to select the language of the release.  Plaintiff concedes that "the parties agreed to have Judge Garcia 'select the language' that reflected the parties' agreement."  (Response, Doc. 62 at 8).  Given the discretion to create release language which would facilitate the parties' settlement, Judge Garcia selected language which Plaintiff now perceives as favoring Defendant.  Plaintiff therefore now seeks to rescind the authority she consented to allowing Judge Garcia to craft a release.  This is impermissible.  Roell v. Withrow, 538 U.S. 580, 123 S. Ct. 1696 (2003).  Furthermore, although this is not a disqualification situation, it is clear that adverse rulings are not grounds to disqualify a judge.  Glass v. Pfeffer, 849 F.2d 1261, 1268 (10th Cir. 1988).**

**Plaintiff also argues that Judge Garcia did not enforce the settlement by entering judgment and dismissing the case.  However, the record and his correspondence leave little**

3

doubt Judge Garcia would have done so if the Federal Rules of Civil Procedure accorded magistrate judges such authority.  <u>Boskoff v. Yano</u>, 217 F. Supp. 2d 1077 (D. Haw. 2001)(motion to enforce settlement is dispositive and therefore requires district court action).

The other arguments raised by Plaintiff are also merely a reiteration of arguments previously raised and therefore not a proper basis for a Rule 59 motion.  <u>Phelps v. Hamilton</u>, 122 F.3d 1309, 1324 (10th Cir. 1997); <u>Backlund v. Barnhart</u>, 778 F.2d 1386, 1388 (9th Cir. 1985).  Plaintiff characterizes her motion as one for "reconsideration."  (Doc. 74, at 1).  A motion to reconsider is not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.  <u>Rural Water Sys., Inc. Benefit Trust v. Group Ins. Adm'rs, Inc.</u>, 160 F.R.D. 605, 606 (D. Kan. 1995).  A party cannot use a motion to reconsider in order to get a "second bite at the apple."  <u>Sequa Corp. v. GBJ Corp.</u>, 156 F.3d 136, 144 (2d Cir. 1998).

## ORDER

For the above-stated reasons, Plaintiff's motion is DENIED as without merit.

SO ORDERED this 19th day of August, 2004.

                                                  **BRUCE D. BLACK**
                                                  **UNITED STATES DISTRICT JUDGE**

For Plaintiff:
    Claire E. Dickson, Sandra L. Gomez, Protection & Advocacy System, Albuquerque, NM
    Maureen Sanders, Sanders & Westbrook, Albuquerque, NM
For Defendant:
    Jacquelyn Archuleta-Staehlin, Cuddy, Kennedy, Albetta & Ives, Santa Fe, NM